[No. G027398. Fourth Dist., Div. Three. Mar. 14, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN ALLEN CHENZE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

COUNSEL

Paul R. Ward, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steven T. Oetting and Ilana R. Butler, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**O'LEARY, J.**—Steven Allen Chenze appeals his felony conviction for battery on a custodial officer under Penal Code section 243.1.[1] He contends section 243.1 was impliedly repealed by an amendment to section 243, which provides that a battery on a custodial officer is a misdemeanor (§ 243, subd. (b)); but if injury is inflicted, it may be sentenced as a misdemeanor or a felony (§ 243, subd. (c)(1)). He also complains the evidence was insufficient, the jury instructions were inadequate, and his counsel was incompetent. We reject his contentions and affirm.

Chenze was arrested on drug charges and held at the Anaheim Police Department jail. While being transported to court, he "head-butted" one of the custodial officers.

The victim, Donald Briggs, did not testify at trial because he was out of town on vacation. Andrew Gaydos, another custodial officer at the jail, testified for the prosecution. Gaydos was the transportation officer responsible for getting Chenze to court. He testified that Briggs was also a custodial officer at the Anaheim jail and their duties involved booking, custody and movement of prisoners in the jail.

Gaydos and several other officers, including Briggs and Anaheim Police Officer Kyle Bernard, were involved in moving Chenze through the jail. They went to Chenze's cell, told him he was going to be transported to court, handcuffed him and began to walk him through the facility. While the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

officers were moving Chenze through the area where the gun lockers were located, Chenze pulled away from the officers and tried to pull a key out of a gun locker with his teeth. After subduing him, the officers began to place him in the car. As Chenze began to sit down on the seat, he bounced up and hit Briggs in the face with his head, causing Briggs a small bump but no serious injury.

The defense presented testimony of a psychologist about the symptoms of heroin withdrawal. The witness had not reviewed any of the police reports or examined Chenze.

Bernard testified on rebuttal that Gaydos and Briggs were both custodial officers at the Anaheim jail. Neither carried weapons and both were in uniform at the time. He confirmed Gaydos's version of the events. Although he did not actually see Chenze's head make contact with Briggs's head, he saw a scuffle and heard a commotion, after which Briggs stood up rubbing his forehead.

In closing argument, defense counsel conceded there was "no question that there was a head butt." The only issue was whether Chenze was acting in self-defense. Counsel argued Chenze was in the midst of heroin withdrawal at the time of the offense and subjectively believed he was being mistreated by the officers.

Counts 1 and 2 of the amended information charged Chenze with possession of a controlled substance. Count 3 charged him with violating section 243.1 (battery on a custodial officer). A prior prison term was alleged for enhancement purposes under section 667.5, subdivision (b) and allegations of two prior serious or violent felony convictions made this a "Three Strikes" case. (§§ 667, subds. (d), (e)(2), 1170.12, subds. (b), (c)(2).)

At trial, counsel for Chenze requested that as to count 3 the jury be instructed on the "lesser included" misdemeanor under section 243, subdivision (b). The trial court apparently agreed felony treatment under section 243, subdivision (c)(1) was inappropriate because there was no injury. However, it refused Chenze's request, stating the offenses described by sections 243.1 and 243, subdivision (b) were identical but for the punishment, and the prosecutor had the discretion to choose which statute to charge under.

The jury found Chenze guilty on all three counts. In a bifurcated trial, the court found the Three Strikes and prior prison term allegations true. Chenze was sentenced to concurrent 25-year-to-life terms on the two possession

counts. A consecutive two-year term was imposed for battery on a custodial officer. The section 667.5, subdivision (b) enhancement was stricken.

I

Chenze contends he was improperly charged with violating section 243.1 because it was impliedly repealed by the subsequent amendment of section 243. In the alternative, he argues section 243 is the more specific statute and hence the only one under which he could be charged. We reject his contentions.

Chenze was charged with, and convicted of, violating section 243.1. That section was originally enacted in 1976 and provides that any battery on a custodial officer is a felony.[2] Section 243 also sets forth punishments for battery. It provides a battery is generally punished as a simple misdemeanor (§ 243, subd. (a)), but also specifies more severe punishment for battery against various public safety officers. As amended in 1982 by Assembly Bill No. 3276 (1982-1983 Reg. Sess.) (hereafter Assembly Bill 3276), which added custodial officers to the list of special victims (Stats. 1982, ch. 1353, § 2, p. 5048), section 243, subdivision (b), makes a battery against a custodial officer a misdemeanor subject to up to one year in county jail,[3] and 243, subdivision (c)(1), makes the offense a wobbler—i.e., punishable as a misdemeanor or felony—if injury is inflicted.[4]

---

[2]As it read at the time Chenze was charged and convicted, section 243.1 provided, "When a battery is committed against the person of a custodial officer as defined in Section 831 of the Penal Code, and the person committing the offense knows or reasonably should know that such victim is a custodial officer engaged in the performance of his duties, and such custodial officer is engaged in the performance of his duties, the offense shall be punished by imprisonment in the state prison." A 2001 nonsubstantive amendment is discussed *post.*

[3]Section 243, subdivision (b) provides, "When a battery is committed against the person of a . . . custodial officer . . . engaged in the performance of his or her duties, whether on or off duty . . . and the person committing the offense knows or reasonably should know that the victim is a . . . custodial officer . . . engaged in the performance of his or her duties . . . the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment."

Section 243, subdivision (f)(6) defines "[c]ustodial officer" as "any person who has the responsibilities and duties described in Section 831 and who is employed by a law enforcement agency of any city or county or who performs those duties as a volunteer."

[4]Section 243, subdivision (c)(1) provides, "When a battery is committed against a custodial officer . . . engaged in the performance of his or her duties, whether on or off duty, . . . and the person committing the offense knows or reasonably should know that the victim is a . . . custodial officer . . . engaged in the performance of his or her duties, . . . *and an injury is inflicted on that victim,* the battery is punishable by a fine of not more than two thousand dollars ($2,000), by imprisonment in a county jail not exceeding one year, or by both that fine

Chenze argues that section 243.1 and section 243, as amended in 1982 by Assembly Bill 3276, are in irreconcilable conflict. The older statute, section 243.1, provides that any battery against a custodial officer is a felony. But the more recent statute permits felony treatment only if injury is inflicted (§ 243, subd. (c)(1)). The 1982 amendment to section 243 does not effect an implied repeal of section 243.1.

■ "In recognition of the courts' constitutional role to construe, not write, statutes, ' "[a]ll presumptions are against a repeal by implication." ' 'It is the duty of this court to harmonize statutes on the same subject [citations], giving effect to all parts of all statutes if possible [citation].' '[W]e will find an implied repeal "only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.' " ' [¶] Significantly, whether the canon invoked is that the specific statute prevails over the general or that the latest statutory expression prevails, such canons share the requirement that the enforcement of one duly enacted statute at the expense of another on the same subject only applies when the two statutes cannot be reconciled. Restraint of judicial trespass into the legislative province is no doubt the reason for the rule that a judicially determined repeal requires a repugnancy between the two statutes that prevents their concurrent operation—a restraint that has constitutional underpinnings premised on the separation of powers." (*Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1013-1014 [106 Cal.Rptr.2d 381], fns. omitted.)

■ The statutes are not in *irreconcilable* conflict as Chenze suggests. *In re Rochelle B.* (1996) 49 Cal.App.4th 1212 [57 Cal.Rptr.2d 851], discusses some of the legislative history of both provisions. The court noted that section 243.1 was part of legislation introduced to include airport officers within the definition of peace officers for purposes of enhanced punishment for batteries committed against them "and separately to provide similar increased punishment for a new crime of battery committed against 'custodial officers.' [Citation.]" (*Rochelle B.*, at p. 1216.) When section 243 was amended in 1982 to include custodial officers among its special battery victims, "[a] report of the Assembly Committee on Criminal Justice suggested the bill 'should be amended to delete Section 243.1 of the Penal Code which is a special section referring only to custodial officers,' apparently to avoid the resulting duplication in provisions setting out aggravated penalties

and imprisonment, or by imprisonment in the state prison for 16 months, or two or three years." (Italics added.)

Section 243, subdivision (f)(5) defines "[i]njury" as "any physical injury which requires professional medical treatment."

for batteries against 'custodial officers.' [Citation.] This suggestion was evidently ignored, with the result that two separate statutes now provide somewhat different punishments for batteries against custodial officers." (*Rochelle B.*, at p. 1217, fn. omitted.)

We have obtained, and take judicial notice of, additional legislative history materials concerning Assembly Bill 3276. An enrolled bill report recommending the Governor sign Assembly Bill 3276, prepared by the California Youth and Adult Correctional Agency (Enrolled Bill Rep. on Assem. Bill 3276 (1981-1982 Reg. Sess.) Sept. 20, 1982), explained the aim of the amendment was to "make the punishment for committing battery (when no injury or minor injury is inflicted) on a custodial officer the same as committing battery (when no injury or minor injury is inflicted) on a peace officer, fire fighter, or emergency medical staff." (*Id.* at p. 1.) The enrolled report's analysis explains, "According to the bill's sponsors, simple battery charges against custodial officers are rarely pursued by local prosecutors because the present law only provides for felony charges with imprisonment in a state prison. Thus, these violators are rarely, if ever, punished. [¶] By providing for the option of county jail and/or fine for such violations, proponents hope that simple battery charges will be prosecuted more vigorously. Felony battery charges can still be pursued for the more serious cases." (*Id.* at p. 2.)

In view of the fact that the Legislature amended section 243 to include custodial officers when it was aware of section 243.1, it is apparent the Legislature intended to give prosecutors a full panoply of prosecutorial options for a battery on a custodial officer. Under section 243, the offense may be punished as a misdemeanor (§ 243, subd. (b)), or a misdemeanor or felony if injury is inflicted (§ 243, subd. (c)(1)). But the Legislature also apparently envisioned that there might be circumstances under which no or only slight injury was inflicted, but felony charges would nonetheless still be appropriate. Accordingly, it did not repeal section 243.1, and has very recently amended it. Senate Bill No. 205 (Senate Bill 205), passed in September 2001 and signed by the Governor in October, made numerous nonsubstantive changes to clarify and update some 77 sections of eight different codes. (Stats. 2001, ch. 854.) With respect to section 243.1, Senate Bill 205 changed the word "his" to "his or her." (Stats. 2001, ch. 854, § 24.) Although this was a minor amendment, it is not without significance because "[w]e do not presume that the Legislature performs idle acts . . . ." (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 22 [276 Cal.Rptr. 303, 801 P.2d 1054, 20 A.L.R.5th 1016].) "The amendment of a statute ordinarily has the legal effect of reenacting (thus enacting) the statute as amended, including its unamended portions." (*People v. Scott* (1987) 194 Cal.App.3d 550, 554 [239

Cal.Rptr. 588]; see Gov. Code, § 9605 [when statute is amended "portions which are not altered are to be considered as having been the law from the time when they were enacted . . . ."].)

Chenze takes umbrage with the notion that under section 243.1 *all* batteries on a custodial officer may be punished as felonies, but under section 243 only those in which injury is inflicted may. ■ But "[i]t is axiomatic the Legislature may criminalize the same conduct in different ways. [Citations.]" (*People v. Superior Court (Caswell)* (1988) 46 Cal.3d 381, 395 [250 Cal.Rptr. 515, 758 P.2d 1046].) The prosecutor has discretion to proceed under either of two statutes that proscribe the same conduct, but which prescribe different penalties. (*United States v. Batchelder* (1979) 442 U.S. 114, 123-125 [99 S.Ct. 2198, 2203-2205, 60 L.Ed.2d 755].)

■ Nor can Chenze find relief in the specific statute versus general statute distinction. He argues that section 243 is the "specific" statute because it distinguishes between the severity of a battery. If there is no injury, the offense is a misdemeanor; if there is injury, the offense is a wobbler. Section 243.1, he urges, is the "general" statute because it makes no distinction in severity—all batteries on custodial officers are felonies. Otherwise, the elements of both statutes are the same. Chenze points out that a violation of section 243, subdivision (b) or (c) will *always* result in a violation of section 243.1. But the reverse is true as well. A violation of section 243.1, will *always* result in a violation of section 243, subdivision (b) or (c). Thus, it is unclear where the distinction gets him.

Furthermore, the specific-statute-prevails-over-general-statute principle will not be applied when it appears the Legislature intended that prosecution under the general statute remains available in appropriate cases even though a more specific statute has been adopted. (*Mitchell v. Superior Court* (1989) 49 Cal.3d 1230, 1250 [265 Cal.Rptr. 144, 783 P.2d 731]; *People v. Woods* (1986) 177 Cal.App.3d 327, 333-334 [222 Cal.Rptr. 868].) As already noted, the two statutes can be harmonized. (*People v. Price* (1991) 1 Cal.4th 324, 385 [3 Cal.Rptr.2d 106, 821 P.2d 610] ["Two statutes dealing with the same subject are given concurrent effect if they can be harmonized, even though one is specific and the other general"].) It is apparent the Legislature intended prosecution under section 243.1 remain an option because it did not repeal the section and has recently amended it.

II, III*

. . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 521.

The judgment is affirmed.

Rylaarsdam, Acting P. J., and Bedsworth, J., concurred.

A petition for a rehearing was denied April 8, 2002, and appellant's petition for review by the Supreme Court was denied June 12, 2002.