Filed 11/9/15

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062947 |
| v. | (Super.Ct.No. FWV1202232) |
| SCOTT THORNTON GARNESS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Brian S. McCarville, Judge. Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Scott Thornton Garness pleaded guilty to a single felony count of receiving a stolen motor vehicle in violation of Penal Code[1] section 496d, subdivision

---

[1] Further undesignated statutory references are to the Penal Code.

1

(a).[2] Subsequently, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which among other things established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (§ 1170.18.) In this appeal, defendant challenges the denial of his petition for resentencing pursuant to Proposition 47. He contends the trial court erred by determining he was not eligible for relief. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On August 7, 2013, defendant pleaded no contest to a single felony count of receiving a stolen vehicle in violation of section 496d, subdivision (a).[3] The People and defense counsel subsequently stipulated that the value of the stolen vehicle at issue was $540.

On December 22, 2014, defendant filed in propria persona a petition for resentencing pursuant to section 1170.18. On January 23, 2015, the trial court denied the petition, finding defendant "not eligible under the statute."

## II. DISCUSSION

### A. Background Regarding Proposition 47

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies

---

[2] He also admitted a prior strike conviction of first degree burglary (§ 459).

[3] Defendant also admitted a prior strike conviction of first degree burglary.

2

or wobblers (crimes that can be punished as either felonies or misdemeanors." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092)

As relevant to the present case, Proposition 47 amended section 496, receiving stolen property, newly providing that if the value of the property at issue does not exceed $950, the offense is a misdemeanor, unless it was committed by certain ineligible defendants.[4] (§ 496.) Proposition 47 did not explicitly amend section 496d, the offense of which defendant was convicted, which prohibits the knowing receipt of a stolen motor vehicle. (§ 496d, subd. (a); see § 1170.18, subd. (a) [listing sections amended or added by Proposition 47].)

## B.  Analysis

Defendant contends that his offense "falls within the purview of Proposition 47," and the trial court erred by finding him ineligible for relief. Defendant is incorrect.

As noted, section 1170.18 provides a mechanism for a person "who would have been guilty of a misdemeanor," if Proposition 47 had been in effect at the time of the offense, to petition for resentencing in accordance with certain enumerated sections that

---

[4] The previous version of the statute had provided that the offense could be charged as a misdemeanor if the value of the property at issue did not exceed $950, and district attorney or grand jury determined that to do so would be in the interests of justice. (Former § 496 (effective Oct. 1, 2011, to Nov. 4, 2014).)

were amended or added by Proposition 47. (§ 1170.18, subd. (a).) We cannot say that defendant would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense. Proposition 47 left intact the language in section 496d that makes a violation of that statute punishable as either a felony or misdemeanor. (§§ 17, subd. (b), 496d, subd. (a).) Based on the statutory language alone, therefore, whether before or after Proposition 47, defendant could be convicted for a felony violation of section 496d.

In arguing otherwise, defendant focuses on the circumstance that Proposition 47 did explicitly amend section 496. Thus, a defendant who could demonstrate that his or her conviction for a violation of section 496 was based on theft of "any property"— including a motor vehicle—valued $950 or less may be eligible to apply for relief under Proposition 47 and section 1170.18. (§§ 496, subd. (a), 1170.18, subd. (a).) Defendant reasons that section 496d is very similar to section 496, and the theft of a motor vehicle falls within the scope of section 496's "any property," so Proposition 47 must be interpreted to apply also to convictions under section 496d.

The plain language of section 1170.18, however, is incompatible with defendant's proposed interpretation. Section 1170.18, subdivision (a), provides a mechanism for an offender to request to be resentenced "in accordance with" certain enumerated sections that were amended or added by Proposition 47, and which provide for different, lesser punishment than applied before the enactment of Proposition 47. (§ 1170.18, subd. (a).) As noted, the statutory language setting the punishment for violations of section 496d remains the same, before and after Proposition 47, and is not included among the enumerated sections amended or added by Proposition 47. Defendant therefore could not

4

be resentenced in accordance with any of the sections added or explicitly amended by Proposition 47. Put another way: Exactly the same sentencing considerations apply to defendant's conviction offense before and after Proposition 47, so there is no basis for reconsidering or reducing the sentence that was initially imposed.

Moreover, we reject the assumption underlying defendant's arguments, to the effect that because the facts underlying his conviction could also have fallen within the scope of section 496, Proposition 47 must have been intended also to offer him relief. Sections 496 and 496d are hardly the only sections of the Penal Code that overlap, so that the same criminal actions could be charged under either statute. Indeed, "'[i]t is axiomatic the Legislature may criminalize the same conduct in different ways,'" thereby giving the prosecutor "discretion to proceed under either of two statutes that proscribe the same conduct, but which prescribe different penalties." (*People v. Chenze* (2002) 97 Cal.App.4th 521, 528.) We decline to presume, therefore, based on the similarities between section 496 and section 496d, that the absence of any explicit grant of relief to those convicted under section 496d was an omission or unintentional ambiguity in Proposition 47.

To be sure, it is not unreasonable to argue, as defendant has, that the same policy reasons motivating Proposition 47's reduction in punishment for certain felony or wobbler offenses, including section 496, would also apply equally well to section 496d.[5]

---

[5] That said, we find nothing absurd or irrational about the legislative determination that receiving stolen property of very low value should, as a general matter, be punishable as a misdemeanor pursuant to section 496, while retaining the statutory option of punishing the receipt of a stolen motor vehicle, even one of very low

*[footnote continued on next page]*

Nevertheless, if Proposition 47 were intended to apply not only to reduce the punishment for certain specified offenses, but also any similar offenses, or offenses that *could* have been, but were not, charged as one of the specified offenses, we would expect some indication of that intent in the statutory language. We find nothing of the sort. It is simply not our role to interpose additional changes to the Penal Code beyond those expressed in the plain language of the additions or amendments resulting from the adoption of Proposition 47.

In short: The offense to which defendant pleaded no contest is not among those reduced to a misdemeanor by Proposition 47, so the trial court correctly determined him to be ineligible for recall of sentence and resentencing pursuant to section 1170.18.

### III. DISPOSITION

The order appealed from is affirmed.

CERTIFIED FOR PUBLICATION

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

KING
J.

---

*[footnote continued from previous page]*
value, as a felony violation of section 496d. (See, e.g., *People v. Wilkinson* (2004) 33 Cal.4th 821, 834-836 [discussing prosecutorial discretion in bringing charges regarding an act that violates more than one criminal statute].)