Filed 1/5/16  P. v. Henry CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063447 |
| v. | (Super.Ct.No. FVI1101636) |
| SAMUEL LLOYD HENRY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meagan J. Beale and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Samuel Lloyd Henry appeals from the trial court's order denying his Proposition 47 petition seeking to reduce his felony conviction for buying or

1

receiving a stolen vehicle under Penal Code[1] section 496d, subdivision (a), to a misdemeanor under section 1170.18. For the reasons set forth below, we shall affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On July 19, 2011, a felony complaint charged defendant with buying or receiving a stolen vehicle under Penal Code section 496d, subdivision (a) (count 1); attempted unlawfully driving or taking a vehicle under Penal Code section 664 and Vehicle Code section 10851, subdivision (a) (count 2); evading a peace officer under Vehicle Code section 2800.2, subdivision (a) (count 3); and possessing burglary tools under Penal Code section 466 (count 4). The complaint also alleged that defendant was previously convicted of unlawfully taking a vehicle under Penal Code section 666.5. The complaint further alleged several prior convictions under Penal Code section 667.5, subdivision (b).

On September 8, 2011, defendant pled no contest to buying or receiving a stolen vehicle under section 496d, subdivision (a) (count 1), and admitted two of the prior conviction allegations.[2] The trial court dismissed the remaining charges. On that same date, the trial court sentenced defendant to three years four months in state prison.

On April 2, 2015, defendant filed a petition under Proposition 47 seeking to reduce his felony conviction to a misdemeanor under section 1170.18. The trial court found that defendant was ineligible for relief under Proposition 47 because defendant's

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The trial court deemed the complaint as an information for purposes of the plea.

conviction for buying or receiving a stolen motor vehicle did not meet the criteria under section 1170.18. The court, therefore, denied defendant's request.

Defendant filed a timely notice of appeal.

**DISCUSSION**

Defendant contends that the trial court erred in denying his petition under Proposition 47 because the voters intended to include section 496d under Proposition 47. Defendant also contends that excluding section 496d from Proposition 47 violates his right to equal protection.

A.   BACKGROUND REGARDING PROPOSITION 47

On November 4, 2014, voters enacted Proposition 47; it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Ibid.*)

As relevant here, Proposition 47 amended section 496, buying or receiving stolen property, to provide that if the value of the property at issue is $950 or less, the offense is a misdemeanor. (§ 496, subd. (a).) The previous version of section 496 gave the

3

prosecution discretion to charge the offense as a misdemeanor if the value of the property did not exceed $950 and the district attorney or grand jury determined that so charging would be in the interests of justice. (Former § 496 [eff. Oct. 1, 2011-Nov. 4, 2014].) In other words, Proposition 47 converted the offense of receiving stolen property valued at $950 or less from a wobbler to a misdemeanor. Proposition 47 did not amend section 496d, the section under which defendant was convicted.

B.     DEFENDANT'S ELIGIBILITY FOR PROPOSITION 47

        RESENTENCING

Defendant's conviction offense is a wobbler. (§§ 17, subds. (a) & (b), 496d, subd. (a) [the crime of receiving a stolen motor vehicle is punishable as either a felony or a misdemeanor].) Defendant argues that, with the passage of Proposition 47 and its amendment to section 496, his offense now falls within the ambit of section 1170.18. He argues that he is eligible for resentencing under section 1170.18 because the value of the vehicle in question is under $950. We disagree.

Proposition 47's resentencing provision, section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Thus, in order to be eligible for

4

resentencing, defendant must be a person "who would have been guilty of a misdemeanor" if Proposition 47 had been in effect at the time of his offense.

Applying that standard here, we cannot say that defendant would have been guilty of a misdemeanor under Proposition 47 had it been in effect when he received the victim's car. This is because Proposition 47 left section 496d entirely intact, including the wobbler language. In other words, after Proposition 47's passage, the prosecution retains its ability to charge a section 496d violation as a misdemeanor *or a felony*. Because nothing in Proposition 47 affected the prosecution's ability to charge a violation of section 496d as a felony, we conclude that defendant is not a person "who would have been guilty of a misdemeanor" under Proposition 47 and thus is ineligible for resentencing under section 1170.18, subdivision (a).

Defendant contends that Proposition 47's amendment to section 496 commands a different result. He argues the language of that statute is broad enough to encompass, and render a misdemeanor, the act of receiving a stolen vehicle worth $950 or less. Defendant is correct that section 496, subdivision (a) is broad enough to apply to stolen vehicles—indeed, the plain language of the statute applies to "*any* property." (§ 496, subd. (a), italics added.) This, however, was the case both before and after Proposition 47's passage. Proposition 47 did not alter the prosecution's discretion to charge receiving a stolen vehicle under the more general statute (§ 496) or the more specific statute (§ 496d). Because section 1170.18 applies only to those people who "*would* have" been guilty of a misdemeanor, not to those who "*could* have" been guilty of a misdemeanor— if the prosecution in its discretion chose to charge them more leniently—defendant's

5

statutory interpretation argument must fail.  Put another way, if we engage in the counterfactual analysis section 1170.18 requires (i.e., what "would" the defendant have been guilty of if Proposition 47 had been in existence at the time of his offense), the answer is that the prosecution would likely have charged him with the same felony violation of section 496d because exactly the same sentencing considerations apply to defendant's offense before and after Proposition 47.**3**

This conclusion is supported by the language in other portions of Proposition 47. For example, section 490.2, which was added by Proposition 47, provides a definition of petty theft that affects the definition of grand theft in section 487 and other provisions. Section 490.2 begins with the phrase:  "Notwithstanding Section 487 or any other provision of law defining grand theft . . . ."  (§ 490.2)  Similarly, section 459.5, which was also added by Proposition 47 and which provides a definition of shoplifting that affects the definition of burglary in section 459, begins with the phrase:  "Notwithstanding Section 459 . . . ."  (§ 459.5.)  The "notwithstanding" language indicates that the drafters of Proposition 47 knew how to indicate when they intended to affect the punishment for an offense the proposition was not directly amending.  This

---

**3**  Defendant argues that "both the plain language of Proposition 47, and the statutory context in which it was enacted, establish that the offence of vehicle theft under Vehicle Code section 10851, subdivision (a), for which [defendant] was convicted, is fully subject to the resentencing provisions of that proposition, and that the trial court erred in holding otherwise, and in denying [defendant's] petition for resentencing *as to that count*."  Defendant, however, pled no contest to buying or receiving a stolen vehicle under Penal Code section 496d, subdivision (a).  The trial court dismissed the remaining counts, including count 2—attempted unlawfully driving or taking a vehicle under Penal Code section 664 and Vehicle Code section 10851.  We, therefore, deem this argument to apply to defendant's conviction under Penal Code section 496d.

"notwithstanding" language is notably absent from section 496, subdivision (a). Because that provision contains no reference to section 496d, we must assume the drafters intended section 496d to remain intact and likewise intended for the prosecution to retain its discretion to charge section 496d offenses as felonies.

In his supplemental brief, defendant argues that even if California voters intended to reduce only vehicle *theft* under section 487, subdivision (d)(1) to misdemeanors, while leaving the *receipt* of a stolen vehicle under section 469d a wobbler offense, such discrimination is impermissible under the Equal Protection Clause of the federal and state constitutions. We disagree. "Applying rational basis scrutiny, the California Supreme Court has held that 'neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles.' [Citation.] Absent a showing that a particular defendant '"has been singled out deliberately for prosecution on the basis of some invidious criterion," . . . the defendant cannot make out an equal protection violation.'" (*People v. Page* (2015) 241 Cal.App.4th 714, 719-720, [Fourth Dist., Div. Two] quoting *People v. Wilkinson* (2004) 33 Cal.4th 821, 838-839.) Defendant has not made this showing here.

It is not unreasonable to argue, as defendant does here, that the same policy reasons motivating Proposition 47's reduction in punishment for the more general offense of receiving any type of stolen property worth $950 or less (§ 496) would apply with equal force to the more specific offense of receiving a stolen vehicle (§ 496d) where the vehicle's value does not exceed $950. However, if Proposition 47 were intended to apply

7

not only to offenses explicitly added, amended or referenced by the proposition, but also to similar offenses that could have been, but were not, charged in the underlying case, we would expect an indication of that intent in the statutory language. We do not find such an intent in the language of Proposition 47.

Unless faced with an ambiguity or an absurd result, we must give statutory language its plain meaning. (*People v. Sinohui* (2002) 28 Cal.4th 205, 211-212; *People v. Rivera*, *supra*, 233 Cal.App.4th at pp. 1099-1100.) Because "'[i]t is axiomatic the Legislature may criminalize the same conduct in different ways,' [giving the prosecutor] discretion to proceed under either of two statutes" (*People v. Chenze* (2002) 97 Cal.App.4th 521, 528), we decline to assume the voters intended to affect the punishment for section 496d violations through the passage of Proposition 47. We conclude section 496d offenses are not eligible for resentencing under Proposition 47.

## DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

KING
Acting P. J.

CODRINGTON
J.

8