Filed 1/22/16  P. v. Thomas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE LOUIS THOMAS III,<br><br>    Defendant and Appellant. | E063241<br><br>(Super.Ct.No. FSB1400007)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant and appellant Willie Louis Thomas III of a single felony count of receiving a stolen motor vehicle (Pen. Code, § 496d)[1] and the trial court sentenced him to a total of five years in county prison.[2] Subsequently, California voters passed The Safe Neighborhoods and Schools Act (Proposition 47), which converted certain nonviolent felonies and wobblers into misdemeanors and created a petitioning process for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (§ 1170.18.)

In this appeal, defendant challenges the trial court's denial of his petition for resentencing under new section 1170.18, arguing the court erred in determining he was ineligible for relief under Proposition 47. We affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[3]

On December 30, 2013, the victim reported her car had been stolen from her driveway. Later that day, police officers caught defendant driving the car and using a shaved key. Defendant gave the officers varying stories about how he had purchased the car. He first stated that he had bought it from "some Mexicans" the day before, but after

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

[2] Defendant's sentence was comprised of a two-year term for the section 496d offense plus three years for three prison priors. (§ 667.5, subd. (b).)

[3] We take the following facts from the probation report.

the officers informed him that the victim had reported the car stolen that day, defendant said he purchased it that day. Defendant then claimed he bought the car in 2001.

The jury found defendant guilty of receiving stolen property in violation of section 496d. On January 28, 2015, defendant filed a petition to resentence his section 496d conviction under section 1170.18. On February 13, 2015, the trial court ruled that defendant was "not eligible" for resentencing and denied his petition. Defendant appeals this order.

II

ANALYSIS

A.    *Background Regarding Proposition 47*

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).) "Proposition 47 also created a new resentencing provision:  section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in

3

accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

As relevant here, Proposition 47 amended section 496, buying or receiving stolen property, to provide that if the value of the property at issue is $950 or less, the offense is a misdemeanor. (§ 496, subd. (a).) The previous version of section 496 gave the prosecution discretion to charge the offense as a misdemeanor if the value of the property did not exceed $950 and the district attorney or grand jury determined that so charging would be in the interests of justice. (Former § 496, added by Stats. 2011, ch. 15, § 372, eff. April 4, 2011, operative Oct. 1, 2011.) In other words, Proposition 47 converted the offense of receiving stolen property *valued at $950 or less* from a wobbler to a misdemeanor. Proposition 47 did not amend section 496d, the section under which defendant was convicted.

B.    *Defendant's Eligibility for Proposition 47 Resentencing*

Defendant's conviction offense is a wobbler. (§§ 17, subds. (a) & (b), 496d, subd. (a) [the crime of receiving a stolen motor vehicle is punishable as either a felony or a misdemeanor].) Defendant argues that, with the passage of Proposition 47 and its amendment to section 496, his offense now falls "within the ambit of section 1170.18." He argues that he is eligible for resentencing under section 1170.18 because the prosecution failed to demonstrate that the value of the 1997 Honda Accord exceeded $950. We disagree.

4

Proposition 47's resentencing provision, section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Thus, in order to be eligible for resentencing, defendant must be a person "who would have been guilty of a misdemeanor" if Proposition 47 had been in effect at the time of his offense.

Applying that standard here, we cannot say that defendant would have been guilty of a misdemeanor under Proposition 47 had it been in effect when he received the victim's car. This is because Proposition 47 left section 496d entirely intact, including the wobbler language. In other words, after Proposition 47's passage, the prosecution retains its ability to charge a section 496d violation as a misdemeanor *or a felony*. Because nothing in Proposition 47 affected the prosecution's ability to charge a violation of section 496d as a felony, we conclude that defendant is not a person "who would have been guilty of a misdemeanor" under Proposition 47 and thus is ineligible for resentencing under section 1170.18, subdivision (a).

5

Defendant contends that Proposition 47's amendment to section 496 commands a different result. He argues the language of that statute is broad enough to encompass, and render a misdemeanor, the act of receiving a stolen vehicle worth $950 or less. Defendant is correct that section 496, subdivision (a) is broad enough to apply to stolen vehicles—indeed, the plain language of the statute applies to "*any* property." This, however, was the case both before and after Proposition 47's passage. Proposition 47 did not alter the prosecution's discretion to charge receiving a stolen vehicle under the more general statute (§ 496) or the more specific statute (§ 496d). Because section 1170.18 applies only to those people who "*would* have" been guilty of a misdemeanor, not to those who "*could* have" been guilty of a misdemeanor—if the prosecution in its discretion chose to charge them more leniently—defendant's statutory interpretation argument must fail. Put another way, if we engage in the counterfactual analysis section 1170.18 requires (i.e., what "would" the defendant have been guilty of if Proposition 47 had been in existence at the time of his offense?), the answer is that the prosecution would likely have charged him with the same felony violation of section 496d because exactly the same sentencing considerations apply to defendant's offense before and after Proposition 47. The passage of Proposition 47 does not operate to reduce defendant's sentence.

This conclusion is supported by the language in other portions of Proposition 47. For example, section 490.2, which was added by Proposition 47, provides a definition of

petty theft that affects the definition of grand theft in section 487 and other provisions. Section 490.2 begins with the phrase "Notwithstanding Section 487 or any other provision of law defining grand theft. . . ." Similarly, section 459.5, which was also added by Proposition 47 and which provides a definition of shoplifting that affects the definition of burglary in section 459, begins with the phrase: "Notwithstanding Section 459. . . ." The "notwithstanding" language indicates that the drafters of Proposition 47 knew how to indicate when they intended to affect the punishment for an offense the proposition was not directly amending. This "notwithstanding" language is notably absent from section 496, subdivision (a). Because that provision contains no reference to section 496d, we must assume the drafters intended section 496d to remain intact and likewise intended for the prosecution to retain its discretion to charge section 496d offenses as felonies.

Defendant argues that even if California voters intended to reduce only vehicle *theft* under section 487, subdivision (d)(1) to misdemeanors, while leaving the *receipt* of a stolen vehicle under section 469d a wobbler offense, such discrimination is impermissible under the Equal Protection Clause of the federal and state constitutions. We disagree. "Applying rational basis scrutiny, the California Supreme Court has held that 'neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles. . . . Absent a showing that a

7

particular defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion' . . . the defendant cannot make out an equal protection violation." (*People v. Page* (2015) 241 Cal.App.4th 714, 719-720, quoting *People v. Wilkinson* (2004) 33 Cal.4th 821, 839.) Defendant has not made this showing here.

It is not unreasonable to argue, as defendant does here, that the same policy reasons motivating Proposition 47's reduction in punishment for the more general offense of receiving any type of stolen property worth $950 or less (§ 496) would apply with equal force to the more specific offense of receiving a stolen vehicle (§ 496d) where the vehicle's value does not exceed $950. However, if Proposition 47 were intended to apply not only to offenses explicitly added, amended or referenced by the proposition, but also to similar offenses that could have been, but were not, charged in the underlying case, we would expect an indication of that intent in the statutory language. We do not find such intent in the language of Proposition 47.

Unless faced with an ambiguity or an absurd result, we must give statutory language its plain meaning. (*People v. Sinohui* (2002) 28 Cal.4th 205, 212; *Rivera*, *supra*, 233 Cal.App.4th at pp. 1099-1100.) Because " '[i]t is axiomatic the Legislature may criminalize the same conduct in different ways,' " giving the prosecutor "discretion to proceed under either of two statutes" (*People v. Chenze* (2002) 97 Cal.App.4th 521, 528), we decline to assume the voters intended to affect the punishment for section 496d

violations through the passage of Proposition 47.  We conclude section 496d offenses are not eligible for resentencing under Proposition 47.[4]

### III

### DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

KING
Acting P. J.

MILLER
J.

---

[4] We note that even if we had concluded section 496d offenses are eligible for Proposition 47 resentencing, defendant did not meet his burden of demonstrating that the value of the stolen car he received was $950 or less.  (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-881 [holding that the burden under section 1170.18 to show the value of the item at issue did not exceed $950 lies with the petitioner].)