Filed 5/11/16  P. v. Bunnell CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C078376 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 62-124734, 62-127934) |
| v. | |
| ERIK LEE BUNNELL, | |
| Defendant and Appellant. | |

Defendant Erik Lee Bunnell appeals from the trial court's order recalling and resentencing *some* of defendant's felony convictions pursuant to Penal Code section 1170.18.[1]  He claims the trial court erred in finding he was ineligible for resentencing on his felony convictions for receiving a stolen vehicle (§ 496d, subd. (a)) and unlawful taking or driving of a vehicle (Veh. Code, § 10851).  Defendant also contends the trial

---

[1]  Undesignated statutory references are to the Penal Code.

1

court erred in resentencing him to the same cumulative sentence after it reduced two other felony convictions to misdemeanors. We will affirm the trial court's order resentencing defendant.

## PROCEDURAL BACKGROUND

In March of 2014, defendant pleaded no contest in case No. 62-127934 to unlawfully driving and taking a vehicle (Veh. Code, § 10851, subd. (a)—count one), second degree burglary (§ 459—count two), receiving a stolen vehicle (§ 496d—count three), receiving stolen property (§ 496, subd. (a)—count four), misdemeanor possession of burglary tools (§ 466—count five), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1—count six). He also admitted having prior convictions for vehicle theft and unlawfully driving or taking a vehicle, seven prior prison terms, and an on-bail enhancement. At the same time, in case No. 62-124734, defendant pleaded no contest to possession of a controlled substance. (Health & Saf. Code, §11377, subd. (a).)

For these crimes, the trial court sentenced defendant to a cumulative split term of six years, with three years' imprisonment to be followed by three years' mandatory supervision. Specifically, defendant was sentenced to two years for count one; a concurrent two years each for counts two, three, and four; a concurrent 180 days each for counts five and six; a concurrent two years for possession of a controlled substance; two one-year consecutive terms for prior prison terms; and a stayed two-year term for the on-bail enhancement.

In November 2014, defendant moved the trial court for resentencing pursuant to section 1170.18. Defendant sought to have his felony convictions for unlawfully driving and taking a vehicle (count one), second degree burglary (count two), receiving a stolen vehicle (count three), receiving stolen property (count four), and possession of a controlled substance reduced to misdemeanors. At the hearing on defendant's petition for resentencing, an offer of proof was provided that the stolen vehicle in this case was

2

valued at $400 and, based on that offer of proof, defendant contended that both counts one and count three fell under the petty theft definition provided in section 490.2.

The trial court, following the resentencing hearing, dismissed defendant's on-bail enhancement and reduced his convictions for possession of a controlled substance and receiving stolen property to misdemeanors. The trial court declined to reduce defendant's convictions for driving and taking a vehicle (count one—Veh. Code, § 10851) and receiving a stolen vehicle (count three—§ 496d), finding both convictions were ineligible for resentencing as a matter of law. In resentencing defendant, the trial court ordered defendant to serve two consecutive one-year terms for the possession of a controlled substance and the receipt of stolen property.

## DISCUSSION

In 2014, the electorate enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which prospectively redesignated certain drug- and theft-related offenses as misdemeanors, and also provided for recall and resentencing for those already convicted of eligible offenses. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1092.)[2] Section 1170.18, added as a result of Proposition 47, provides that a person convicted of a felony that is now punishable as a misdemeanor as a result of the enactment of Proposition 47 "may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]." (§ 1170.18, subd. (a).) Defendant contends the trial court erred in deeming his convictions for driving and taking a vehicle in violation of Vehicle Code section 10851 and receiving a stolen vehicle in

---

[2] Like many of the Proposition 47 cases, a petition for review was recently filed in *People v. Rivera, supra*, 233 Cal.App.4th 1085 and is currently pending review in our Supreme Court. However, the language of the statute cited therein remains intact.

violation of section 496d ineligible for resentencing pursuant to section 1170.18. He also contends the trial court imposed a longer sentence in violation of section 1170.18 when it imposed consecutive one-year terms instead of concurrent two-year terms for the two felony convictions the trial court did reduce to misdemeanors. We disagree.

## 1.0 Refusal to Reduce Convictions

We interpret an initiative in the same manner as we interpret statutes. (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571 (*Pearson*).) We first look to the actual words of an enactment, and *then* other indicia of intent. Where the language of the enactment is clear, we do not resort to other indicia of legislative intent (absent a reasonably framed claim of ambiguity, or of an absurd result warranting disregard of the plain language), because we do not have anything further to construe. (*People v. Meyer* (2010) 186 Cal.App.4th 1279, 1283; *Rehman v. Department of Motor Vehicles* (2009) 178 Cal.App.4th 581, 584, 586.) Where statutory language is unambiguous, we cannot rely on an inchoate legislative purpose as a basis for departing from the text. (*County of Sonoma v. Cohen* (2015) 235 Cal.App.4th 42, 48.)

Here, section 1170.18 identifies only a few offenses that have been redesignated as misdemeanors. Neither driving and taking a vehicle in violation of Vehicle Code section 10851 nor receiving a stolen vehicle in violation of section 496d are among them. Defendant instead relies on the alleged similarity of his offenses and two offenses that *are identified* as eligible for resentencing (§§ 490.2 & 496) as the basis for his contention that the trial court erred in deeming his offenses ineligible. We address each of his offenses separately and explain why neither is eligible for resentencing.

### 1.1 Vehicle Code Section 10851

As to his conviction for driving and taking a vehicle, defendant claims he should be resentenced "in accordance with" section 490.2. Section 490.2 brings a host of

4

unspecified statutes defining "grand theft" within its ambit prospectively (and thus retrospectively for purposes of § 1170.18). (§ 490.2, subd. (a).)[3] However, Vehicle Code section 10851 is not among them, nor is it referenced in section 487's definition of "[g]rand theft," nor does the text of Vehicle Code section 10851 purport to define the taking of a vehicle as grand theft within the catchall language of section 490.2. Rather, section 10851, simply proscribes the driving or taking of a vehicle owned by another without the owner's consent, whether or not there was an intent to steal the vehicle. (Veh. Code, § 10851, subd (a).) Thus, contrary to defendant's assertion, the plain language of sections 487, 490.2, 1170.18, and Vehicle Code section 10851 demonstrate defendant is not eligible to be resentenced on his conviction for unlawful driving and taking of a vehicle in violation of Vehicle Code section 10851.

Neither are we persuaded that there is any conflict between section 490.2 and Vehicle Code section 10851 because a violation of Vehicle Code section 10851 does not necessarily involve a theft of the vehicle. (Veh. Code, § 10851, subd. (a) [language indicates the statute may be violated where the vehicle is taken with an intent to steal it or by merely taking the vehicle for a "joyride"].) We also reject defendant's contention that interpreting section 1170.18 to exclude a violation of Vehicle Code section 10851 from its ambit would result in absurd results where some thefts are punished as misdemeanors and others as felonies. There could be any number of rational purposes for excluding the taking and driving of a vehicle from Proposition 47, among them, that there are relatively few operational vehicles that would be valued under $950 and that, unlike other forms of property, owners are highly dependent on their vehicles, rendering the taking of them

---

[3] Section 490.2, subdivision (a) states that "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

particularly offensive. Accordingly, we conclude the trial court did nor err in refusing to reduce defendant's felony conviction for taking and driving a vehicle (Veh. Code, § 10851—count one) in case No. 62-127934 to a misdemeanor.

### 1.2 Penal Code Section 496d

With respect to his conviction for receiving a stolen vehicle in violation of section 496d, defendant contends that though this violation is not explicitly listed as an eligible offense in section 1170.18, it is rendered eligible by section 1170.18's reference to section 496. Section 496 was among the statutes amended by Proposition 47. It now mandates that if the stolen property received was valued at less than $950, the district attorney may charge the suspected recipient with no more than a misdemeanor (unless he or she has certain enumerated prior offenses). (§ 496, subd. (a).)[4] However, defendant was not convicted of violating section 496, but section 496d, which is not referenced in section 1170.18 and was not amended by Proposition 47. To read a conviction for a violation of section 496d into the list of eligible offenses identified in section 1170.18, subdivision (a) would be contrary to long-standing rules of statutory construction barring us from adding to or rewriting the language to conform to some assumed intent. (See *Pearson*, *supra*, 48 Cal.4th at p. 571.)

---

[4] Specifically, section 496, subdivision (a) provides that "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

6

Moreover, doing so would also require us to read into section 1170.18 other statutes targeted at receipt of various other types of property, rendering those statutes superfluous—another result we attempt to avoid in our construction efforts. (See, e.g., § 496a [making the offense of dealing in stolen metals a "wobbler"]; see also *City of Alhambra v. County of Los Angeles* (2012) 55 Cal.4th 707, 724 [" 'Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary.' "].) Nor does the possibility that receiving a vehicle would result in a heavier sentence than receiving some other property of equal value render the result of our construction absurd. Sections 496 and 496d are hardly the only statutes that overlap in their application. Nonetheless, " '[i]t is axiomatic the Legislature may criminalize the same conduct in different ways,' " thereby giving the prosecution "discretion to proceed under either of two statutes that proscribe the same conduct, but which prescribe different penalties." (*People v. Chenze* (2002) 97 Cal.App.4th 521, 528.) Additionally, as we stated above, it would not be irrational for the electorate to treat the receipt of a stolen vehicle as a more reprehensible crime than receipt of some other stolen property given the level of reliance its owner has on it compared with other types of property. Accordingly, the trial court did not err in finding defendant's conviction for receiving a stolen vehicle (§ 496d—count three) in case No. 62-127934 ineligible for resentencing.

## 2.0   Resentencing

Finally, we address defendant's contention that the trial court erred in imposing consecutive one-year terms for possession of a controlled substance and the receipt of stolen property at resentencing, even though the total cumulative term remained a six-year split sentence. He claims the trial court's sentence violates section 1170.18, subdivision (e), which commands that "[u]nder no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." Defendant argues "imposition of a term" could reasonably be interpreted to refer to the

7

cumulative term for all counts *or* the term actually imposed on each count. However, even assuming he is correct in his interpretation of the statutory language, defendant cannot prevail on this claim.

Here, the original sentence included a cumulative term of six years, with concurrent two-year terms for defendant's felony convictions for possession of a controlled substance (Health & Saf. Code, §11377, subd. (a)) and receiving stolen property (§ 496—count four). On resentencing, defendant received consecutive one-year terms for the reduced convictions and a cumulative term of six years. Thus, neither the cumulative term nor the individual terms imposed at resentencing were longer than the original sentence imposed by the trial court. Therefore, we conclude the trial court did not err in resentencing defendant to consecutive one-year terms for the reduced convictions.

We reject out of hand defendant's contention that for purposes of determining whether resentencing runs afoul of section 1170.18, subdivision (e) we should accept that "a sentence on one count run consecutive to another count is akin to a sentence imposed and executed. On the other hand a sentence on one count to run concurrent to another count is akin to a sentence stayed since there is no additional time being served on the sentence run concurrently." When a sentence is stayed, defendant is not serving any time for that conviction; when a sentence is imposed concurrently, he is. For example, if a principal term were reversed, the stays would have to be lifted for defendant to remain incarcerated on those charges, but he would remain incarcerated on concurrent charges without any further action. For defendant to argue that the trial court imposed a "longer term" on the two reduced counts because he had to serve his *reduced* time for those counts *after* completing his time on the principal count, but *within* the original six-year cumulative term is nonsensical.

8

## DISPOSITION

The order appealed from is affirmed.


                                                                                            _____BUTZ_____, J.


We concur:


_____RAYE_____, P. J.


_____MAURO_____, J.

9