Filed 6/15/16  P. v. Piranan CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KRISTADA PIRANAN,<br><br>        Defendant and Appellant. | A145083<br><br>(Solano County<br>Super. Ct. No. FCR296918) |

Defendant Kristada Piranan was convicted of felony transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)) following a plea of no contest.[1]  His plea included a stipulation that he transported the marijuana for personal use only.  After voters enacted Proposition 47 (Pen. Code, § 1170.18), defendant petitioned to reduce his conviction to a misdemeanor, even though Proposition 47 does not designate marijuana transportation as an eligible crime.  The trial court denied his petition.

Defendant contends the exclusion of marijuana transportation from Proposition 47 violates his right to equal protection because his crime was assertedly akin to marijuana possession (Health & Saf. Code, § 11357), which is eligible for reduction to a misdemeanor.  We disagree and affirm.

---

[1]  We conclude this matter is proper for disposition by memorandum opinion in accordance with California Rules of Court, standard 8.1.

1

" 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) This is a showing defendant cannot make, as the crime of transporting marijuana is different than the crime of possessing marijuana; the former requires transportation while the latter does not. (See *People v. Cortez* (1985) 166 Cal.App.3d 994, 999–1000 [holding that persons convicted of possessing heroin for personal use and persons convicted of transporting heroin are not similarly situated].)

Even if defendant could establish that he is similarly situated to persons convicted of marijuana possession, he cannot show the exclusion of marijuana transportation from Proposition 47 lacks any rational basis. (See *People v. Acosta* (2015) 242 Cal.App.4th 521, 527 [applying rational basis review to claim that exclusion of specific crime from Proposition 47 violated equal protection].) The rational basis standard of review " 'does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. . . . ' . . . If a plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic." ' " (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.) Voters had ample reason to include possession of marijuana in Proposition 47 but to exclude its transportation. For example, they could have concluded transporting marijuana is more dangerous than merely possessing it. (See *People v. Cortez, supra*, 166 Cal.App.3d at p. 1000 ["Anything that is related to trafficking is more serious than possessing."].) They also could have concluded prosecutors should have discretion to determine if a particular offense involving marijuana transportation warrants felony prosecution based on the specific facts of the case. (Cf. *People v. Chenze* (2002) 97 Cal.App.4th 521, 528 [same conduct can be criminalized in different ways, providing prosecutors with discretion to seek different penalties].)

### DISPOSITION

The order denying defendant's Proposition 47 petition is affirmed.

2

 

                             _____

                             Banke, J.

We concur:


_____

Humes, P. J.


_____

Dondero, J.


A145083, *People v. Piranan*

3