Filed 4/11/16  P. v. Zenteno CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

RICARDO ARVIZO ZENTENO,

    Defendant and Appellant.

E063803

(Super.Ct.No. FSB049665)

OPINION

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Ricardo Arvizo Zenteno appeals from the denial of his motion for reconsideration of the earlier denial of his petition under Penal Code section 1170.18 for resentencing of his convictions of two counts of receiving stolen motor vehicles. (Pen. Code, § 496d, subd. (a).) Defendant contends that his offenses qualified for resentencing, and the record of conviction showed that the value of the automobiles could have been less than $950. We affirm.

FACTS AND PROCEDURAL BACKGROUND

On September 6, 2005, defendant was charged in an information with operating a chop shop (Veh. Code, §§ 250, 10801—count 1); receiving stolen motor vehicles with a prior conviction of a violation of Vehicle Code section 10851 (Pen. Code, §§ 496d, subd. (a), 666.5—counts 2 & 3); and receiving stolen property, a license plate (Pen. Code, § 496, subd. (a)—count 4) with allegations of a prior prison term conviction (Pen. Code, § 667.5, subd. (b)) and a prior strike conviction (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). The motor vehicle was identified in count 2 as a 2005 Scion and in count 3 as a 1995 Chevy Camaro.

On December 16, 2005, defendant entered a plea of guilty to all the charges and admitted the prior allegations. The parties stipulated that the preliminary hearing transcript provided the factual basis for the plea; however, that transcript has not been included in the record on appeal. Defendant was sentenced to state prison for a term of 14 years four months.

As part of his plea agreement, defendant agreed to pay restitution to all victims. On October 22, 2008, a postdisposition hearing was held to impose a restitution fine in the amount of $3,678.43, payable to one of the victims. Defendant's counsel conceded that the amount of restitution was appropriate.

On March 19, 2015, defendant filed a petition under Penal Code section 1170.18 for resentencing on his conviction of receiving stolen property (Pen. Code, § 496, subd. (a)). The trial court conducted a hearing at which it denied resentencing on counts 1 through 3, but granted the petition as to count 4. The trial court amended defendant's sentence to a term of 13 years.

On April 22, 2015, defendant filed a petition for reconsideration of the denial of his petition as to counts 2 and 3.[1] The People opposed the petition on the grounds that Proposition 47 did not authorize resentencing for violations of Penal Code section 496d and, even if it did, the stolen vehicle in each count had a value of more than $950. The trial court denied the motion for reconsideration.

DISCUSSION

**Proposition 47 and Statutory Amendments**

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes

---

[1] Although defendant's petition referred only to his conviction of receiving stolen property (Pen. Code, § 496, subd. (a)) in count 4, the trial court ruled as to all counts, and the People addressed the merits of resentencing as to all counts. Thus, despite any procedural irregularities, we will address the ruling on the merits as to counts 2 and 3.

from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, Penal Code section 1170.18. Penal Code section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

**Standard of Review**

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

**Proposition 47 Did Not Authorize Resentencing for Penal Code Section 496d Offenses**

Penal Code section 1170.18, subdivision (a), lists the offenses that may be reduced to misdemeanors under certain conditions. Specifically, it provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request

4

resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

Proposition 47 amended Penal Code section 496 to provide that a defendant convicted of theft of "any property" valued at $950 or less may be eligible to apply for relief. (Pen. Code, §§ 496, subd. (a), 1170.18, subd. (a).) Penal Code section 496d is very similar to Penal Code section 496, and the theft of a motor vehicle falls within the scope of Penal Code section 496's "any property." However, defendant was convicted of a violation of Penal Code section 496d, not 496. Penal Code section 496d (buying or receiving a stolen motor vehicle) was not listed as an offense that qualifies for resentencing. "'[I]t is axiomatic the Legislature may criminalize the same conduct in different ways,'" thereby giving the prosecutor "discretion to proceed under either of two statutes that proscribe the same conduct, but which prescribe different penalties." (*People v. Chenze* (2002) 97 Cal.App.4th 521, 528.) We decline to presume, therefore, based on the similarities between Penal Code sections 496 and 496d, that the absence of any explicit grant of relief to those convicted under Penal Code section 496d was an omission or unintentional ambiguity in Proposition 47. If Proposition 47 were intended to apply not only to reduce the punishment for certain specified offenses, but also any similar offenses, or offenses that *could* have been, but were not, charged as one of the specified offenses, we would expect some indication of that intent in the statutory language. We find nothing of the sort. It is simply not our role to interpose additional

5

changes to the Penal Code beyond those expressed in the plain language of the additions or amendments resulting from the adoption of Proposition 47.

Penal Code section 1170.18 also specifically lists Penal Code section 490.2, defining "petty theft," as an offense eligible for reclassification. Penal Code section 490.2, subdivision (a), provides: "Notwithstanding [Penal Code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." The gravamen of defendant's argument is that "grand theft auto is a misdemeanor," and Penal Code section 487 is indirectly amended by virtue of Penal Code section 490.2's reference to Penal Code section 487.

On its face, however, Penal Code section 490.2 does no more than amend the definition of grand theft, as articulated in Penal Code section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. (Pen. Code, § 490.2.) We reject the position that the broad language of Penal Code section 490.2 should apply to the receipt of a stolen vehicle valued at $950 or less.

As noted *ante*, Penal Code section 1170.18, subdivision (a), separately listed Penal Code section 496 as an offense eligible for reclassification rather than including it under the new umbrella definition of theft in Penal Code section 490.2. Applying the statutory construction principle of *expressio unius est exclusio alterius*, we consider that strong evidence that the voters did not consider receiving stolen property as a form of theft, and

6

we therefore reject the argument that Penal Code section 490.2 should apply to Penal Code section 496d.

We conclude the trial court properly denied defendant's motion for reconsideration.

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                          J.

We concur:


RAMIREZ
            P. J.


HOLLENHORST
            J.